UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-353-H

WOODFORD LONG, on behalf of himself
and a class of similarly situated persons                                 PLAINTIFF

V.

DICK'S SPORTING GOODS, INC.                                 DEFENDANT


WOODFORD LONG and JOSEPH
AUGUST KRAUSE, JR., on behalf of
themselves and a class of similarly situated persons                           PLAINTIFFS

V.

DICK'S SPORTING GOODS, INC.                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The current motions are before the Court under unusual circumstances. On October 23, 2009, the Court denied Defendant's motion to dismiss the class allegations. On December 1, Plaintiffs' moved to certify their class. After reviewing Defendant's response, on March 17, 2010, Plaintiffs essentially capitulated, filing a notice withdrawing their request for class certification, and filing motions for leave to file two amended complaints and to remand to state court.

Defendant has responded to these motions by asserting that the Court should (1) dismiss the class action complaint rather than allow their withdrawal, and (2) deny the motion to remand because the Class Action Fairness Act ("CAFA") amount in controversy rules govern past removal developments.

The first issue presented seems relatively straightforward. Plaintiffs essentially conclude that after reviewing Defendant's response to their own motion for class certification, they became convinced that their motion lacked sufficient merit to succeed. Whether by withdrawal of the motion, amendment of their complaint or denial of the motion, Plaintiffs seek to move forward only as to their individual claims. Considering the circumstances and the now clear absence of merit for class certification, the Court will deny Plaintiffs' original motion for certification.

The claims in this Court actually commenced as two separate class actions in Kentucky and Indiana state courts. Each was removed to its respective federal courts and consolidated here. By the pending motions, Plaintiffs hope to separate the cases and return them to the original state jurisdictions as individual claims, absent the class action baggage. To accomplish this laudable objective, Plaintiffs have moved for leave to file two separate amended complaints, each of which would lack an independent federal jurisdictional basis but for the possible application of CAFA. So, the question now presented is whether the initial jurisdictional status under CAFA controls the remaining claims or whether this Court's denial of class action status alters it.

CAFA grants subject matter jurisdiction where there is only minimal diversity in class action lawsuits. There is no other basis for this Court's jurisdiction. Plaintiffs contend that the basis for jurisdiction, the possibility of class treatment, has been divested and the Court must remand to state court. Although the Sixth Circuit has never considered this issue, three other circuits have. Each came to the same conclusion: denial of class certification does not divest the district court of subject matter jurisdiction under CAFA. *See United Steel, Paper & Forestry,*

2

*Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, --- F.3d ---, 2010 WL 1571190 (9th Cir. April 21, 2010); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010); *Vega v. T-mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). The Circuits explain that jurisdiction is generally determined at the time of removal and, under CAFA, a case may be removed before a class is certified. *See* 28 U.S.C. § 1332(d)(8). Thus, the jurisdictional hook for CAFA is not the ultimate class certification, but rather the plaintiffs' intent to seek class certification. In light of "the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed," the Circuits held that denial of class certification does not divest the court of CAFA jurisdiction. *Cunningham*, 592 F.3d at 807; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.").

Ths Court recognizes that a few district courts have taken the opposite position. *See, e.g., Clausnitzer v. Fed. Express Corp.*, 621 F.Supp. 2d 1266 (S.D. Fla. 2008); *Arabian v. Sony Elec., Inc.*, No. 05cv1741 WQH, 2007 WL 2701340 (S.D. Cal. Sept. 13, 2007). However, the Court finds the reasoning espoused by the Seventh, Ninth and Eleventh Circuits more persuasive and in keeping with general principles of subject matter jurisdiction. Other district courts in the Sixth Circuit have come to the same conclusion. *See, e.g., Macula v. Lawyers Title Ins. Corp.*, No. 1:07 CV 1545, 2010 WL 1278868 (N.D. Ohio Mar. 30, 2010); *Chesner v. Stewart Title Guar. Co.*, No. 1:06CV00476, 2009 WL 585823, at *11 n.20 (N.D. Ohio Jan. 9, 2009); *In re Welding Fume Prod. Liab. Litig.*, 245 F.R.D. 279, 317 n.195 (N.D. Ohio 2007). The "once jurisdiction, always jurisdiction" principle exists to avoid expense and delay. *Cunningham*, 592 F.3d at 807.

This case has been in this Court for approximately one year. The parties have expended significant resources on the issue of class certification. Certainly it was not Congress' intent for the case to be removed to this Court for consideration of class certification only and then returned to state court upon a denial of that certification. Such an interpretation would seem an unwise use of judicial resources and could cause significant delays in the resolution of the parties' claims.

    Being otherwise sufficiently advised,

    IT IS HEREBY ORDERED that Plaintiffs' motion to certify a class is DENIED.

    IT IS FURTHER ORDERED that Defendant's request for costs is DENIED.

    IT IS FURTHER ORDERED that Plaintiffs' motion to remand to state court is DENIED.

    IT IS FURTHER ORDERED that Plaintiffs' motion for leave to file Amended Complaints is SUSTAINED and those Amended Complaints are consolidated here.

cc:    Counsel of Record